UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Case No. 2:07 cr 47 |
| ) | |
| WILLIAM SMITH ) | |

### OPINION AND ORDER

One of the defendant in this case, William Smith, has moved the Court to dismiss Counts One and Eight of the superceding indictment because venue is not proper in the Northern District of Indiana. [DE 164.]  In light of the government's proffered evidence relating to location of the acts forming a basis of these counts in the superceding indictment, that motion is hereby **DENIED**.

Defendant Smith is charged with the use of a telephone in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 843(b) and § 846 (Count 8)and with knowingly and intentionally conspiring to knowingly and intentionally possess with intent to distribute a kilogram or more of a substance containing heroin in violation of 21 U.S.C. § 841(a)(1) (Count 1).  Defendant has entered a plea of not guilty to both of these counts.

The Constitution and the Federal Rules provide that venue lies where a crime is committed.  *Andrews v. United States*, 817 F.2d 1277, 1279 (7th Cir. 1987). Neither the government nor the Defendant dispute the applicable law to the venue issue; instead, the parties simply disagree on the facts giving rise to the charges in the superceding indictment.

    a.    **Venue for Count 8 of the Superceding Indictment**

In Count 8, Defendant is charged with using a telephone in furtherance of drug trafficking crime in violation of 21 U.S.C. § 843(b).  The parties do not dispute that for purposes

of Section 843(b), "the crime is committed both where the call originates and where it is received." *Andrews*, 817 F.2d at 1279.  Thus, the threshold issue is whether the telephone call that forms the basis of Count 8 was either originated by the government confidential informant or received by the Defendant in the Northern District of Indiana.

In its response, the government proffers evidence that on December 6, 2006, the government's confidential informant placed a telephone call to Defendant.  The confidential informant was at a predetermined location in Dyer, Indiana, when the telephone call originated.  Because the telephone call that forms the basis for Count 8 of the superceding indictment originated in the Northern District of Indiana, venue for Count 8 is proper in this Court.  Accordingly, Defendant's Motion to Dismiss Count 8 for lack of venue is **DENIED**.

      b.      **Venue for Count 1 of the Superceding Indictment**

In Count 1, Defendant is charged with  knowingly and intentionally conspiring to knowingly and intentionally possess with intent to distribute a kilogram or more of a substance containing heroin in violation of 21 U.S.C. § 841(a)(1) and § 846.  Venue is proper for prosecutions under § 846 in any "district in which an overt act in furtherance of the conspiracy occurred."  *United States v. Rodriguez*, 67 F.3d 1312, 1318 (7th Cir. 1995).

Defendant argues that the absence of an overt act in this district taken in furtherance of any conspiracy to which Defendant belonged mandates dismissal of Count I.  In its response, the government proffers evidence of a plethora of overt acts in this district which were taken in furtherance of the conspiracy to which Defendant belonged.  The government proffers proof that virtually all of the heroin purchased from Defendant and his co-conspirators was immediately resold in Porter County, Indiana, and Lake County, Indiana.  Furthermore, heroin was recovered from several members of the conspiracy in Porter County, Indiana, and a controlled buys of

heroin from co-conspirators took place in Crown Point, Indiana, and Merrillville, Indiana. The government proffers further proof that during the course of the conspiracy, Defendant told a witness that it was no longer necessary to drive out to Defendant's house in Illinois, as heroin could now be purchased from Defendant's co-conspirator in Porter County. Based on the government's proffered evidence, it is abundantly clear that multiple overt acts in furtherance of the conspiracy in Count 1 occurred in the Northern District of Indiana.

Defendant argues that even if an overt act in furtherance of the conspiracy was committed in the Northern District of Indiana, venue is nonetheless improper because the overt act was not reasonably foreseeable to Defendant. In its response, the government proffers proof that Defendant received multiple drug-related telephone calls on his cellular phone that displayed "219" area codes and that Defendant recognized that these calls were coming from Northwest Indiana. Furthermore, after calling Defendant, witnesses would then drive (in cars displaying Indiana license plates) a short distance to Illinois, where they would purchase from Defendant large amounts of heroin which were clearly being purchased for resale. The government proffers further proof that on at least one occasion, a buyer from Indiana called Defendant to arrange for a drug purchase, and Defendant asked co-conspirator Demond Hardimond to deliver the heroin for this purchase. Finally, the government proffers proof that several of Defendant's Indiana customers were introduced to him by co-conspirator Matthew Bishop.

Based on the government's proffered evidence, this Court finds that the evidence establishes venue in the Northern District of Indiana because the overt acts taken in furtherance of the conspiracy were clearly foreseeable by Defendant. Accordingly, Defendant's Motion to Dismiss for lack of venue must be **DENIED**, as venue is proper in the Northern District of

Indiana.

For these reasons, the Defendant's Motion to Dismiss [Doc. No. 164] is **DENIED**.

**SO ORDERED.**

Entered: August 14, 2007

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT
